UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ACCRETIVE TECHNOLOGY GROUP, INC.,

    Plaintiff,

  v.

ADOBE SYSTEMS INCORPORATED,

    Defendant.

No.

**NOTICE OF REMOVAL**

**TO:**     **THE CLERK OF THE COURT**

**AND TO:**     **PLAINTIFF THROUGH ITS COUNSEL OF RECORD**

    **PLEASE TAKE NOTICE** that, for the reasons set forth below, defendant Adobe Systems Incorporated ("Adobe"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of Washington in and for King County to the United States District Court for the Western District of Washington. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and LCR 101.

**I.**     **INTRODUCTION**

    1.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff and Adobe are of diverse citizenship and the amount in controversy exceeds

NOTICE OF REMOVAL - 1

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

$75,000. Removal is thus proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## II.  GENERAL ALLEGATIONS

1. On January 28, 2015, Plaintiff filed this action in the Superior Court of the State of Washington in and for King County, Case No. 15-2-02295-4 SEA. A copy of Plaintiff's state court complaint (the "Complaint") is attached to this Notice as Exhibit A. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all other process, pleadings, and orders served on Adobe in the action are attached to this Notice as Exhibit B.

2. A notice of removal "shall be filed within thirty days after the receipt by the defendant" of the complaint. 28 U.S.C. § 1446(b). Adobe was served with the Complaint on January 29, 2015. *See* Exhibit B (Affidavit of Service). This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3. The King County Superior Court is located within the Western District of Washington. 28 U.S.C. § 128(b). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## III.  REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

4. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction is based on (1) the complete diversity of citizenship between the parties in this action, and (2) the amount in controversy exceeding $75,000.

5. There is complete diversity of citizenship between the parties to this action. 28 U.S.C. § 1332(a)(1). Plaintiff states that it is a Washington corporation, and its principal place of business is in Washington. Complaint, ¶1. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of Washington. Adobe is a citizen of Delaware, and its principal place of business is in

NOTICE OF REMOVAL - 2

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

California. Complaint, ¶2. As a result, parties to this case are citizens of different states.

6. The amount in controversy exceeds $75,000. Plaintiff seeks "all damages sustained by Accretive, including, but not limited to, the amount of $546,323.75 and all other damages described above." Complaint at 12. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint") (internal citations omitted). For these reasons, Plaintiff seeks damages in excess of $75,000. 28 U.S.C. § 1332(a).

7. Because there is complete diversity of citizenship, and because the amount in controversy exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. § 1332, and this action is therefore removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8. <u>Intradistrict Assignment</u>: Pursuant to LCR 101(e) and LCR 3(d), Adobe is requesting removal to the Seattle Division because a substantial part of the alleged events that give rise to the claim allegedly occurred in Plaintiff's principal place of business, King County.

9. By filing this Notice of Removal, Adobe does not waive any defenses to the claims asserted by Plaintiff that may be available to Adobe, nor does Adobe concede that Plaintiff has stated any claim upon which relief may be granted.

10. Pursuant to 28 U.S.C. § 1446(d), Adobe will promptly provide notice of this Notice of Removal to the Superior Court of the State of Washington in and for King County.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being served on Plaintiff through its counsel.

12. Pursuant to 28 U.S.C. § 1446(a), LCR 101(b), and the subjoined verification of

Stellman Keehnel, attached as **Exhibit B** is a copy of all pleadings and documents filed in the state court lawsuit and all other process served upon Adobe in the state court lawsuit (other than Plaintiff's Complaint, which is attached as **Exhibit A**), consisting of:

- a) Order Setting Case Schedule
- b) Case Information Cover Sheet
- c) Affidavit of Service
- d) Summons
- e) Notice of Appearance

## IV. CONCLUSION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, Adobe gives notice that the above-described action pending against it in the Circuit Court for the County of King is removed to this Court.

Dated this 2nd day of March, 2015.

DLA PIPER LLP (US)

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044
Telephone: 206.839.4800
Fax: 206.839.4801
E-mail: stellman.keehnel@dlapiper.com

*Attorney for Defendant*
*Adobe Systems Incorporated*

**VERIFICATION**

Pursuant to Western District of Washington Local Civil Rule 101(b), the undersigned counsel for Adobe Systems Incorporated hereby verifies that the pleadings and other documents attached hereto as Exhibit A and Exhibit B are true and complete copies of the pleadings and documents in the state court proceeding and all process served on Accretive Technology Group, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 2nd day of March, 2015.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309

NOTICE OF REMOVAL - 5

<sup>0</sup>
<sub>0</sub>

<sup>0</sup>

<sup>0</sup>

<sup>0</sup>
<sub>0</sub>

<sub>0</sub>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

<sub>0</sub>

<sup>0</sup>

# CERTIFICATE OF SERVICE

I hereby certify that on March 2nd, 2015, I caused the foregoing **NOTICE OF REMOVAL** to be served on the following counsel of record by the method/s indicated:

| | |
|---|---|
| Jeffrey M. Odom<br>Jackson Schmidt<br>Pepple Cantu Schmidt, PLLC<br>1000 Second Avenue, Suite 2950<br>Seattle, WA 98104<br>Telephone: (206) 625-1711<br>Facsimile: (206) 625-1627<br>E-mail:  jodom@pcslegal.com<br>E-mail:  jschmidt@pcslegal.com<br><br>Attorneys for Plaintiff | [ x ]   Via Hand Delivery<br>[   ]   Via U.S. Mail<br>[ x ]   Via Email |

Dated this 2nd day of March, 2015.

*s/ Stellman Keehnel*
Stellman Keehnel, WSBA No. 9309

EAST\96104302.4

NOTICE OF REMOVAL - 6