UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACCRETIVE TECHNOLOGY GROUP, INC., a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS INCORPORATED, a Delaware corporation, <br><br> Defendant. | NO. 2:15−cv−00309−RSM <br><br> PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES BASED ON BREACH OF CONTRACT AND OTHER CAUSES OF ACTION AND JURY DEMAND <br><br> JURY DEMAND |

Plaintiff Accretive Technology Group, Inc., a Washington corporation (referred to herein as "Accretive" or "plaintiff"), hereby alleges and states as follows:

### I. PARTIES

1. Plaintiff Accretive is a Washington corporation, which conducts business in Washington and has its principal place of business in Washington. It has paid all registration fees and other amounts owed to the State of Washington and is thus qualified to bring this lawsuit in Washington.

2. Defendant Adobe Systems Incorporated ("Adobe" or "defendant") is a Delaware company, and has its principal place of business in the state of California and which conducts significant business in the State of Washington. As stated in more detail below,

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 1

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

Adobe was assigned the rights and assumed the duties and obligations of Neolane, Inc. ("Neolane") in the Software License and Maintenance Agreement dated on or about December 21, 2012 entered into between Neolane and Accretive (the "Software License Agreement" or "Agreement"), which Agreement is the subject of this lawsuit.

## II. JURISDICTION

3.      The Superior Court of the State of Washington has jurisdiction over the parties and the subject matter of this litigation and venue is appropriate in King County based on Washington law and based on the consent of the parties.  The Software License Agreement expressly states that it is governed by the law of the State of Washington, and that the parties agree the courts of the State of Washington have exclusive jurisdiction over any disputes relating to it.  In addition, both parties conduct business in the State of Washington and in King County.  Plaintiff's principal offices are located in King County.

4.      Prior to plaintiff amending the original complaint, Adobe removed this action to the United States District Court for the Western District of Washington.  The amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties.  The parties contractually agreed to resolve any dispute in the courts of the State of Washington.  However, now plaintiff agrees to submit to the jurisdiction of the federal courts.

## III. FACTS

5.      Beginning in early summer 2012, representatives of Accretive began searching for a software product which would assist it in sending marketing emails to its voluminous customers.  Representatives of Accretive spoke and met with and received sales pitches from representatives of a number of software companies offering such software products.  One of these companies was Neolane.

6.      Representatives of Accretive had numerous communications and meetings with Neolane representatives.  Neolane touted its software product, which it described as being the best solution for Accretive, and as being far superior to products of other software

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 2

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON  98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

companies. Accretive representatives had numerous discussions with Neolane representatives about the components, features and requirements of Accretive's computer system. Neolane representatives came to Accretive's Seattle office and met with computer system technicians of Accretive. Neolane's representatives repeatedly stated and assured Accretive's representatives that its software product would work and perform on Accretive's computer system. Specifically, Neolane representatives assured Accretive that Neolane's software would function on a MySQL database, which is a product of the Oracle Corporation and described by Oracle on mysql.com as "The World's most popular open source database."

7. Neolane representatives placed considerable pressure on Accretive's marketing director for Accretive to enter into a licensing agreement involving Neolane's software product. Neolane advised Accretive that it was critical that such agreement be dated prior to the end of 2012.

8. On or about December 21, 2012, Accretive and Neolane entered into the Software License Agreement. The Software License Agreement involved Accretive licensing from Neolane use of the Neolane software product which had been the subject of the lengthy discussions between Accretive and Neolane (the "Neolane Software").

9. At the time of entering into the Software License Agreement in 2012, Accretive was required to pay upfront, prior to the delivery of the Neolane Software and the technical documentation related thereto, the amount of $534,530. This amount consisted of $434,214.60 in licensing fees, $5,000.00 in training fees, and $95,315.40 for prepayment of annual maintenance fees. Accretive promptly paid these amounts to Neolane as required by the Software License Agreement.

10. Accretive agreed to enter into the Software License Agreement and pay the upfront fee due to the insistence of Neolane that the agreement be entered into prior to the end of 2012. Accretive agreed to accommodate Neolane's timing requests in reliance upon the long history of oral and written discussions between the parties and other facts. The intent of

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 3

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON  98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

the parties was that the Software License Agreement would formalize their relationship, but the intent was not that the Software License Agreement was the final or comprehensive embodiment of the terms of the transaction between the parties.

11. The Software License Agreement, along with its attachment, provided no specifications or documentation regarding the Neolane Software and its specific capacities, requirements, limitations, features and other technical information. Neolane could easily have provided complete specifications and documentation to Accretive prior to or at the time Accretive entered into the Agreement, but Neolane intentionally chose not to. Indeed, notwithstanding Accretive's $534,530 upfront payment, Neolane failed to provide the necessary and detailed technical specifications which typically accompany a software license agreement as entered into here.

12. On or about January 23, 2013, Accretive and Neolane entered into a Technical Services Schedule. The Technical Services Schedule is, by its terms, a schedule to the Software License Agreement. Herein, any reference to the Software License Agreement includes and incorporates reference to the Technical Services Schedule. Among other things, the Technical Services Schedule calls for Neolane (a) to complete high-level systems architecture of the integration of the Neolane Software into Accretive's technology infrastructure, (b) to install the Neolane Software onto Accretive's systems, and (c) to configure the Neolane Software in a variety of other specified ways to conform it to the performance needs and technical requirements of Accretive.

13. Without complete technical documentation provided to Accretive, it was the intent of the parties that the agreement was based upon the representations that the Neolane Software would work on Accretive's systems. The common purpose inherent in the transaction was that Neolane would cause its product to function on Accretive's system and it was Accretive's expectation, and Neolane's understanding, that it would do so.

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 4

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

14. On or about July 22, 2013, Adobe acquired Neolane and Adobe purchased all of the assets of Neolane and assumed all of the liabilities of Neolane. This included that Neolane's rights and obligations under the Software License Agreement were assigned to Neolane, and Adobe assumed all obligations and liabilities of Neolane under the Software License Agreement. After that time, Neolane was no longer a separate corporation and it became part of Adobe. Although Accretive was still dealing with some of the same individuals, these individuals had become employees of Adobe.

15. On or about July 17, 2013, nearly seven months after entry into the Software License Agreement, Neolane finally delivered the Neolane Software to Accretive by forwarding an email to Accretive with log-in information and links to their download website. That is also when Neolane finally delivered the technical documentation for the Neolane Software. Access to such technical information was only made available to Accretive through the log-in number provided to access the Neolane Software. Consistent with prior representations by Neolane, the technical documentation stated that, among other things, the Neolane Software would function on a MySQL database management system.

16. Despite the repeated efforts of Neolane/Adobe and Accretive, the Neolane Software would not function on Accretive's computer system.

17. Accretive's response to the failure of the Neolane Software to function was to demand either that Adobe cause the Neolane Software to work on Accretive's system, or in the alternative, and in accordance with the terms of the Agreement, that Adobe return to Accretive all amounts it had paid for the Neolane Software. In response, Adobe refused to return to Accretive the amounts it had paid. After this, there were large time gaps when Adobe took no action whatsoever and Accretive did not hear back from Adobe. Finally, Adobe made additional efforts to cause the Neolane Software to work on Accretive's system. However, Adobe's efforts were unsuccessful, and on March 14, 2014, Adobe notified Accretive that it could not cause the Neolane Software to work on Accretive's system because

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 5

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

of Accretive's computer system included use of a MySQL database management system. This was in spite of Neolane/Adobe's assurances of the compatibility of the Neolane Software with MySQL database management systems. Adobe suggested Accretive change its database management system to a different type. Such a change was not feasible for Accretive. Adobe then refused to take any further actions in attempting to cause the Neolane Software to work on Accretive's system.

18. In response to Adobe's notice, Accretive again demanded that Adobe return to Accretive all amounts it had paid related to the Neolane Software. To date, Adobe has refused to return to Accretive any such amounts.

19. Accretive has never modified the Neolane Software, altered the Neolane Software, or taken any other actions causing Accretive to not maintain all of its rights under the Software License Agreement.

20. While these events were occurring, Accretive received additional invoices from Neolane related to the Software License Agreement, including an invoice for $7,437.50 dated May 31, 2013 for "Service" and an invoice for $4,356.25 dated June 28, 2013 for "Service." Accretive paid these two additional invoices. This resulted in Accretive to date having paid the total amount of $546,323.75 to Neolane and Adobe related to the Software License Agreement.

21. As a result of Neolane's and Adobe's actions, Accretive was unable to engage in and perform the marketing plans and actions it set out to begin back in early summer 2012 when it first began speaking with Neolane. These delays and failure of performance have resulted in lost profits and lost revenues to Accretive and have resulted in unnecessary costs and expenses, wasted employee time, and other damages to Accretive.

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

22. Plaintiff realleges and incorporates by reference the allegations contained in all above paragraphs as though fully set forth herein.

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

23. As stated in the above, Accretive and Neolane/Adobe entered into the Software License Agreement. The Software License Agreement was a valid and enforceable agreement. Neolane/Adobe had a duty to comply with the terms and obligations of the Software License Agreement. Adobe and Neolane materially breached several terms of the Software License Agreement. These breaches include, but are not limited to, the failure of the delivered Neolane Software to comply with the technical information and documentation, as required under the terms of the Software License Agreement. This included but was not limited to the statements in the technical information and documentation that the Neolane Software would function on computer systems using a MySQL database management system. This was untrue.

24. Additional ways that Adobe and Neolane materially breached the Software License Agreement include, but are not limited to, Neolane and Adobe failed to provide to timely provide the Neolane Software to Accretive; Neolane and Adobe failed to provide Accretive with the software product in the form represented to Accretive by Neolane; Neolane and Adobe failed to cause the Neolane Software to function on Accretive's system as required by the Software License Agreement; Neolane and Adobe failed to provide the maintenance called for under the Software License Agreement for which Accretive prepaid; and other breaches. Each such failure relates to a contractual duty of Neolane and Adobe's and each such failure represents a breach of the applicable duty. Accretive has performed all conditions and obligations that it was required to perform under the terms of the Software License Agreement.

25. Additionally, the Software License Agreement includes in Section 9.1 provisions and procedures relating to actions if there are problems with the Neolane Software, including the opportunity for Accretive to have its payments returned to it. Accretive satisfied all requirements of these provisions and procedures. Adobe and Neolane have

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 7

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

breached their obligations under these provisions and procedures by failing to return to Accretive the amounts it has paid under the Software License Agreement.

26. Adobe is liable for the wrongful actions of Neolane relating to the Software License Agreement as a result of Adobe's purchase of all of Neolane's assets and Adobe's assumption of all liabilities of Neolane; Adobe's assumption of Neolane's duties and obligations under the Software License Agreement relating to the assignment by Neolane to Adobe of the Software License Agreement; Washington law related to successor liability; and/or other Washington law.

27. Neolane's and Adobe's breaches of the terms of the Software License Agreement have directly, actually and proximately caused damages to Accretive. These damages include, but are not limited to, Accretive's lost amounts that it paid to Neolane and Adobe under the Software License Agreement for which it never received its bargained-for consideration. Accretive is entitled to recover from Adobe the amount of $546,323.75 and all related pre-judgment interest. Additionally, Accretive has also been caused additional damages, including but not limited to: (1) lost revenues and lost profits; (2) the loss of out-of-pocket expenses incurred by plaintiff relating to defendant's wrongful actions; (3) attorneys' fees and costs incurred by plaintiff in having to bring this lawsuit; and (4) other damages, all of which are in amounts which will be proven at the time of trial.

V. **SECOND CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY**

28. Plaintiff herby realleges and incorporates by reference the preceding paragraphs of this Complaint.

29. As alleged above, Defendant Neolane/Adobe entered into a written contract or Software License Agreement with Accretive for purposes of providing a license to Accretive to use the Neolane Software to provide a platform for Accretive for sending marketing emails to its voluminous customers. Neolane/Adobe through its representatives and written materials, including the Software License Agreement, expressly warranted that the Neolane

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 8

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

Software would function on the Accretive computer system as intended and designed, and that Neolane/Adobe would cause it to so function on the Accretive computer system. As detailed above, Adobe and Neolane breached these express warranties.

30. Additionally, Adobe and Neolane expressly warranted in the Software License Agreement that the Neolane Software would comply with the technical information and documentation made available when the Neolane Software was delivered. As detailed above, Adobe and Neolane breached this express warranty.

31. Additionally, The Software License Agreement includes, in Section 9.1, express warranty provisions and procedures relating to actions if there are problems with the Neolane Software, including the opportunity for Accretive to have its payments returned to it. Accretive satisfied all requirements of these provisions and procedures. Adobe and Neolane have breached their obligations under these express warranty provisions and procedures by failing to return to Accretive the amounts it has paid under the Software License Agreement.

32. Accretive received and relied upon the express warranties of Neolane/Adobe in entering into the Software License Agreement. Furthermore, the express warranties of Neolane/Adobe induced Accretive into fulfilling its terms of the Software License Agreement by paying in full and upfront its financial obligations for acquiring the license under the Software License Agreement.

33. Accretive made good faith attempts to provide Neolane/Adobe with notice of the breach of warranties by Neolane/Adobe. Additional notice is being provided by the filing and service of this Complaint.

34. Neolane's and Adobe's breaches of the terms of the Software License Agreement have directly, actually and proximately caused damages to Accretive. These damages include, but are not limited to, Accretive has lost all amounts that it paid to Neolane and Adobe under the Software License Agreement. Accretive is entitled to recover from Adobe the amount of $546,323.75 and all related pre-judgment interest. Additionally,

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 9

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

Accretive has also been caused additional damages, including but not limited to: (1) lost revenues and lost profits; (2) the loss of out-of-pocket expenses incurred by plaintiff relating to defendant's wrongful actions; (3) attorneys' fees and costs incurred by plaintiff in having to bring this lawsuit; and (4) other damages, all of which are in amounts which will be proven at the time of trial.

### VI.   THIRD CAUSE OF ACTION:  BREACH OF IMPLIED WARRANTY

35. Plaintiff herby realleges and incorporates by reference the preceding paragraphs of this Complaint.

36. As alleged above, Defendant Neolane/Adobe entered into a written contract or Software License Agreement with Accretive for purposes of providing license to Accretive to use the Neolane Software to provide a platform for Accretive for sending marketing emails to its voluminous customers. In addition to the express warranties stated above, Neolane/Adobe through it representatives and written materials, including the Software License Agreement, implicitly and impliedly warranted that the Neolane Software would function on the Accretive computer system as intended and designed, that Neolane/Adobe would cause the Neolane Software to so function, and that the Neolane Software would comply with the technical information and documentation. As described above, the Neolane Software failed in all these respects. By such actions, Adobe and Neolane breached their implied warranties to Accretive, including but not limited to the implied warranty of fitness for a particular purpose.

37. Accretive made good faith attempts to provide Neolane/Adobe with notice of the breach of warranties by Neolane/Adobe. Additional notice is being provided by the filing and service of this Complaint.

38. Neolane's and Adobe's breaches of the implied warranties of the Software License Agreement have directly, actually and proximately caused damages to Accretive. These damages include, but are not limited to, Accretive has lost all amounts that it paid to Neolane and Adobe under the Agreement. Accretive is entitled to recover from Adobe the

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 10

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON  98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

amount of $546,323.75 and all related pre-judgment interest. Additionally, Accretive has also been caused additional damages, including but not limited to: (1) lost revenues and lost profits; (2) the loss of out-of-pocket expenses incurred by plaintiff relating to defendant's wrongful actions; (3) attorneys' fees and costs incurred by plaintiff in having to bring this lawsuit; and (4) other damages, all of which are in amounts which will be proven at the time of trial.

### VII.  FOURTH CAUSE OF ACTION:  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39. Plaintiff realleges and incorporates by reference the allegations contained in all above paragraphs as though fully set forth herein.

40. Washington law provides that inherent in all contracts is an implied covenant of good faith and fair dealing. This duty requires faithfulness to the agreed common purpose of the contract and consistency with the justified expectations of the other party in the performance of any contract. The Software License Agreement expressly states in Section 21 that it is governed by the laws of the State of Washington. Washington law is applicable in this case.

41. Based on all facts stated herein and all allegations stated herein relating to Accretive's multiple causes of action, Neolane's and Adobe's wrongful actions described herein relating to its performance of the Software License Agreement constitute breaches of the implied covenant of good faith and fair dealing relating to the Software License Agreement. Such wrongful actions included, but were not limited to, failure to install onto and cause the Neolane Software to function on the Accretive computer system; failure to return to Accretive its moneys paid after the Neolane Software would not function; failure to provide the Neolane Software to Accretive until nearly seven months after entry into the Software License Agreement and upfront payment; failure to timely provide the technical documentation for the Neolane Software; failure to provide the technical servicing required

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 11

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON  98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

by the Software License Agreement; and others.  Such breaches have directly, actually and proximately caused damages to Accretive.  These damages include all damages described above and Accretive seeks to recover under this cause of action all such damages and all other damages recoverable under Washington law.

42. Adobe is liable for the wrongful actions of Neolane relating to the Software License Agreement as a result of Adobe's purchase of all of Neolane's assets and Adobe's assumption of all liabilities of Neolane; Adobe's assumption of Neolane's duties and obligations under the Software License Agreement relating to the assignment by Neolane to Adobe of the Software License Agreement; Washington law related to successor liability; and/or other Washington law.

## VIII. FIFTH CAUSE OF ACTION:  NEGLIGENT MISREPRESENTATION

43. Plaintiff realleges and incorporates by reference the allegations contained in all above paragraphs as though fully set forth herein.

44. As discussed above, in the process of marketing its product to Accretive, Neolane made misrepresentations of material facts and failed to state material facts to Accretive, which actions were taken by Neolane knowingly and/or negligently. Neolane had a duty to accurately state these material facts and to disclose all material facts to Accretive, and Neolane breached its duty.

45. These misrepresentations and omissions included, but were not limited to, Neolane's multiple statements, both oral and written, that the Neolane Software would work on Accretive's computer system, specifically the MySQL database upon which Accretive operates; Neolane's failure to inform Accretive of material facts related to the limitations of the Neolane Software; Neolane's failure to tell Accretive as to Neolane's intended future actions with respect to the Neolane Software and with respect to Neolane and Adobe; Neolane's and Adobe's failure to disclose that Neolane and Adobe would not live up to the

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 12

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON  98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

express warranty provisions and procedures stated in the Software License Agreement; and others.

46. Additionally, at the time of entering into the Software License Agreement and subsequently thereafter, Adobe and Neolane negligently or otherwise wrongfully made misrepresentations of or failed to disclose material facts regarding the systems on which the Neolane Software would function, limitations of the Neolane Software to function on particular systems, and other facts.

47. Accretive reasonably relied upon the misrepresentations of Neolane and Adobe to enter into the Software License Agreement. The compatibility of the Neolane Software with a MySQL database was well within the range of information that representatives of Neolane and Adobe knew or should have known and a purchaser's reliance on a software vendor's representation that the vendor's software is compatible with a foundational database is reasonable. Adobe and Neolane provided no information that contradicted its misrepresentations until long after entry into the Software License Agreement and upfront payment of the amounts payable thereunder.

48. Accretive's reliance upon these misrepresentations of material facts or omissions of material facts, directly, actually and proximately caused damages to Accretive. Accretive seeks to recover all its damages incurred by such wrongful actions, including all damages stated herein and all other damages recoverable under Washington law.

### IX. SIXTH CAUSE OF ACTION: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

49. Plaintiff realleges and incorporates by reference the allegations contained in all above paragraphs as though fully set forth herein.

50. Defendant's actions described herein constitute a violation of Washington's Consumer Protections Act, RCW Ch. 19.86, which prohibits unfair and deceptive acts or practices in the conduct of any trade or commerce. Defendant has engaged in unfair or

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 13

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

deceptive acts in the conduct of trade or commerce which are likely to affect the public interest.

51. The unfair and deceptive acts engaged in by Neolane and Adobe include all actions described above which occurred in trade and commerce, and include, but are not limited to, Neolane's actions in misrepresenting to Accretive that the Neolane Software would work on Accretive's system and MySQL databases in general; inducing Accretive to enter into the Software License Agreement with payment upfront and then not making available to Accretive the detailed specifications and technical information about the Neolane Software by delaying Accretive's access to such information for a period of over seven months; failing to disclose the limitations regarding the Neolane Software's ability to work on Accretive's system; attempting to limit warranties to compliance with technical information that would not be provided until after entry into the agreement; by providing technical information and documentation about the Neolane Software which was deceptive and/or inaccurate about the computer systems on which the Neolane Software would work and which failed to disclose the limitations involved with respect to whether the Neolane Software would work on particular systems; refusing to live up to and follow the express warranty provisions and procedures stated in the Software License Agreement; failure to perform servicing and maintenance obligations paid for upfront; and others.

52. There is a likelihood that additional persons have been or will be injured in the same manner as Accretive. Adobe is a multinational corporation that licenses software products to hundreds of millions of users. The wrongful acts described above have and had the capacity to injure other persons, are capable of repetition, and may be part of a pattern or generalized course of conduct. Based on information and belief, Accretive alleges that other persons have in fact been injured by all or some of these unfair and deceptive practices. Indeed, the public interest has been affected by Neolane/Adobe's conduct.

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 14

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

53. Such wrongful actions by Neolane and Adobe directly, actually and proximately caused damages to Accretive. As a result, Accretive is entitled to recover and seeks to recover all its actual damages described herein, and those additional damages recoverable under the Consumer Protection Act, including treble damages and Accretive's attorneys' fees and costs.

## X. SEVENTH CAUSE OF ACTION: UNJUST ENRICHMENT

54. Plaintiff realleges and incorporates by reference the allegations contained in all above paragraphs as though fully set forth herein.

55. Alternatively, in the event that the trier of fact were to conclude that the Software License Agreement is silent or does not address any of the issues regarding which Accretive has asserted a cause of action, Accretive seeks reimbursement based on the theory of unjust enrichment.

56. Adobe/Neolane received monies as a result of the Software License Agreement, and that Adobe/Neolane, wrongfully accepted and/or retained these benefits to the detriment of Accretive.

57. The enrichment of Adobe/Neolane at the expense of Accretive was unjust based on all facts and claims stated herein.

58. As a result of the wrongful conduct of Adobe/Neolane, Accretive is entitled to restitution from and institution of a constructive trust disgorging all profits, benefits, monies received from Accretive and other compensation obtained by Adobe/Neolane, plus interest thereon.

59. Plaintiff requests a judgment as hereinafter set forth in the Request for Relief.

## XI. JURY DEMAND

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 15

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711  -  FACSIMILE (206) 625-1627

## XII. REQUEST FOR RELIEF

WHEREFORE, Accretive hereby requests this Court enter judgment in favor of Accretive and against Adobe providing for the following relief:

1. For all damages sustained by Accretive, including, but not limited to, the amount of $546,323.75 and all other damages described above in amounts to be proven at the time of trial;

2. For treble damages, as described above, as recoverable under the Washington Consumer Protection Act;

3. For recovery of plaintiff's attorneys' fees and costs incurred in this action, as recoverable under the Washington Consumer Protection Act and as otherwise recoverable under Washington law;

4. For pre-judgment interest; and

5. For such other and further relief as the Court deems just and equitable.

DATED this 18th day of March, 2015.

PEPPLE CANTU SCHMIDT PLLC

By */s/ Jeffrey M. Odom*
Jeffrey M. Odom WSBA No. 36168
Jackson Schmidt, WSBA No. 16848
jodom@pcslegal.com
jschmidt@pcslegal.com

1000 Second Avenue, Suite 2950
Seattle, WA 98104
206.625.1711 / 206.625.1627 Fax

*Attorneys for Plaintiff Accretive Technology Group, Inc.*

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 16

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627

**CERTIFICATE OF SERVICE**

I, Jessica Leonard, declare that I am employed by the law firm of Pepple Cantu Schmidt PLLC, 1000 Second Avenue, Suite 2950, Seattle, King County, Washington; that I am over 18 years of age and not a party to this action.

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all interested parties.

Dated this 18th day of March, 2015.

*/s/ Jessica Leonard*
Jessica Leonard

PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES - 17

PEPPLE CANTU SCHMIDT PLLC
1000 SECOND AVENUE, SUITE 2950
SEATTLE, WASHINGTON 98104
(206) 625-1711 - FACSIMILE (206) 625-1627